[Hamilton County Circuit Court, April, 1895.]     2 Dec. 308

Swing, Cox and Smith, JJ.

†WM. WRIGHT, ADMINISTRATOR, v. THE CINCINNATI STREET RAILWAY COMPANY.

1. RIGHT TO COMPLAIN OF OMISSIONS IN GENERAL CHARGE, IN THE ABSENCE OF REQUESTS TO CHARGE.

   Where a trial court gives a general charge to the jury and a party to the case excepts to the failure of the court to incorporate in its charge one or more propositions of law, for the giving of which said party made no request to the court, such exception will be of no avail to the party complaining of such omission.

2. LIABILITY OF STREET RAILWAY COMPANY FOR THE DEATH OF A BOY CAUSED BY THE COLLISION OF A CAR WITH A WAGON UPON WHICH SUCH BOY WAS RIDING WITHOUT THE CONSENT OF THE DRIVER.

   In an action brought against a street railway company to recover damages for the death of a boy, fourteen years old, caused by the collision of one of defendant's cars with a dray wagon upon which such boy was riding at the time of such collision, whether or not the boy was stealing a ride on the wagon is immaterial as to the liability of the defendant company for any negligence on its part causing the accident.

3. PROVINCE OF THE JURY IN DETERMINING THE INTELLIGENCE AND DISCRETION OF SUCH BOY AND THE DEGREE OF CARE EXERCISED BY HIM.

   In such action the intelligence and discretion of such boy, and whether he acted with the care and prudence ordinarily possessed and exercised by boys of that age, under similar circumstances, are questions to be determined by the jury.

ERROR to the superior court.

SMITH, J.

The errors assigned and presented in this case are, that the trial court erred in failing to charge the jury as to certain questions of law—in the charge as given to the jury—in refusing to give certain charges asked by the plaintiff, and in the giving of certain charges asked by the defendant below.

The action was one brought by the plaintiff, as administrator, to recover damages for the negligent killing by the defendant company of the plaintiff's intestate, a boy about fourteen years of age. At the trial a verdict was rendered for the defendant. A motion for a new trial was filed and overruled, and a bill of exceptions allowed by the trial court, which shows the charge as given to the jury, by the court—the special charges given at the request of the parties—the charges asked to be given on behalf of the plaintiff, as given and refused, with the exceptions taken thereto. The whole of the evidence is not brought into the

†The judgment in this case was affirmed by the supreme court, see opinion, 54 O. S., 181.

bill of exceptions, but there is a statement of what it tended to prove on behalf of plaintiff and defendant, as was necessary that a reviewing court might see whether the charges given, or those asked and refused, were, if good law, relevant to this case, and whether they should have been given.

A statement, therefore, of what the evidence tended to show is proper. In brief, it was this: That plaintiff's intestate, Joseph Wright, was at the time of his death a boy of about fourteen years of age, a resident of this city, who worked at the type foundry and earned several dollars per week, and was accustomed to go to and from the foundry unattended, and that at the time of his death there were dependent upon him a father and mother and six brothers and sisters; that defendant company owned and operated a line of electric street cars up and down Elm street in said city, (double track), and that Fifteenth street of said city crossed Elm street; that on the evening in question, Kees, the owner of a double dray or truck wagon, was passing west on Fifteenth street, and several boys, among them plaintiff's intestate, had, without the knowledge of Kees, seated themselves upon the truck, and rode thereon to Elm street; that as Kees approached the crossing of Elm street, at about six o'clock in the evening, when it was getting dark, he looked up and down the street and could see or hear no car approaching, and at a slow trot attempted to cross Elm street and the tracks of defendant's road; that he could see no light or hear any bell of any car; that he looked down the street again and saw the car coming fast when his horses were on the track, and tried to get out of the way, but the car struck the hind wheel of his truck and threw Wright under the wheel of the car and he was killed; that until this was done he did not know that the boys were on his truck. Two of the boys (and the evidence tends to show that Wright was one of them) were sitting at the time on the rear end of the truck with their legs hanging down, there being no tail-gate to the truck, and no load thereon. There was also evidence tending to prove that there was great negligence in the running of the car which struck the wagon; that it was going at the rate of fifteen miles an hour, and that no gong was sounded, and that the car ran 100 feet beyond the point of collision up a slight grade before it could be stopped. On the other hand, the evidence for the defendant tended to show that the company was entirely free from fault, and that the accident was caused by the negligence of the driver of the wagon in attempting to cross the track in front of the approaching car.

We proceed to consider briefly the errors which have been assigned. The petition in error avers that the trial court erred in refusing to charge the jury that the burden of proving the contributory negligence of plaintiff's intestate was on the defendant company, and in refusing to charge that only such intellect and care were to be expected of the intestate as are usually found in boys of his age, to wit, fourteen years.

An examination of the bill of exceptions allowed in the case will show that no request was made by the plaintiff in error that either of said propositions should be given to the jury. All that is shown on the points is, that after the general charge was given, the counsel for the plaintiff excepted to the failure of the court to give such charges. If it had been desired that the trial judge should do so, he should have been asked to do it, and if counsel did not see proper to do this, he has no right to complain of the omission. And it may further be said that no exception whatever was taken by the plaintiff to any part of the general charge as given to the jury. And if there should appear in the charge, as so given to the jury, any errors, as it is claimed that there are, under the well settled rule in our state, they cannot be considered by us, for the reason that no exception was taken thereto at the time, and the whole evidence is not before us, so that we can determine whether, in our judgment, the result reached was unjust, and the error, if any was committed, was prejudicial to the plaintiff.

The only questions, then, properly presented by the record, for our determination are these, viz.: Whether the court erred, to the prejudice of the plaintiff,

in refusing to give the special charges asked by him, or either of them, or in giving the special charges, or either of them, asked by the defendant.

The second special charge asked for, and which the court declined to give, was this: "If the jury believe, from the evidence in this case, that the plaintiff's intestate, Joseph Wright, was, at the time he lost his life, riding in the rear part of a wagon or dray driven by one Albert Kees, and that the said intestate, Joseph Wright, had nothing to do, in any way, with the driving, control or management of said wagon or dray by said Kees; that then the negligence of said Kees, if any has been proved, in driving said vehicle across Elm street, at the said intersection of Fifteenth street, can not be imputed to the said intestate, so as to charge him with contributing to his own injury."

We are of the opinion that this charge, so asked, stated the law correctly and should have been given to the jury. There can be no doubt, we think, but that, as a matter of fact and of law, a boy of the age of fourteen years, with the intellect, intelligence and knowledge ordinarily possessed by boys of that age, may so act and deport himself, and without the exercise of that care and caution which persons of his years ordinarily show under like circumstances, as to prevent him recovering damages for an injury to his person or property caused by the negligence of another, but to which injury his own negligence and want of ordinary care and caution directly contributed. But it is *his own* negligence and want of care which has this effect, and we do not understand that he is to be prejudiced by the negligence of another person over whom he has no control whatever, and for which he is in no way responsible. As we understand it, the doctrine of imputed negligence does not exist in this state. It has been expressly repudiated in several cases by our supreme court. As stated by Judge WELCH, in deciding the case of *B. & I. R. R. Co.* v. *Snyder*, 18 O. S., 400: "The weight of authority, in our judgment, as well as the reasoning, is against the doctrine (of imputed negligence), in any form or under any circumstances."

Special charge No. 3, as asked by the plaintiff to be given to the jury, was as follows:

"The jury are instructed that if they believe from the evidence in this case that the plaintiff's intestate, Joseph Wright, while lawfully riding on a wagon or dray driven by Albert Kees across the intersection of Elm and Fifteenth streets, was, without negligence on his (Joseph Wright's) part, killed by a collision between the said wagon or dray on which he was then riding and one of the defendant's street cars, and that such collision was caused by the negligence of the defendant, its agents or servants, in running its street car at and across the public crossing at the intersection of Elm and Fifteenth streets, then the defendant is liable to the plaintiff in this action.

"If the jury should find that such collision, under the circumstances stated above, killed the plaintiff's intestate, Joseph Wright, without any negligence on the part of said intestate and was caused by the joint and concurring negligence of the defendant, its agents or servants in charge of the street car, and of the driver of the wagon or dray on which the said intestate was then riding, that then the defendant, The Cincinnati Street Railway company, is liable to the plaintiff in this action."

It will be seen that this charge embraces two distinct propositions of law, and if either is unsound, the court would have been justified in refusing to give it as a whole. The first is, substantially, that if Wright, while lawfully riding upon this wagon, driven by Kees across the track, was, without negligence on his part, killed by a collision between the wagon and the cars of defendant company; and that the collision was caused by the negligence of the defendant in running its car against the wagon at the street crossing, that it was liable therefor; and the second proposition is, that if the collision under these circumstances killed Wright, without any negligence on his part, that it was caused by the joint and concurring negligence of the defendant and of the driver of the wagon, that the defendant company is liable to the plaintiff.

We believe that both of these propositions are correct. And we do not understand that this is seriously controverted by the counsel for the defendant in error. But it is strenuously urged that the trial judge properly refused to give it, and for this reason: That, as shown by the bill of exceptions, there was no evidence offered which in the slightest degree tended to show that the boy, at the time of the accident, was "lawfully" on this wagon, and therefore that the charge as presented was not relevant to the facts proved, and that thus it might mislead the jury.

It must be conceded, we think, that the evidence does not tend to show that Wright was on this wagon with either the knowledge or consent of the driver. And it may well be that, as between him and the driver, he was not rightfully there, and that the driver owed no right or duty to him. But we think it can not be said that he was there *unlawfully*, even as between him and the driver. We know of no express provision of law that he was violating, and certainly, in so far as the Street Railway company was concerned, *he was lawfully upon the street*, exercising his rights as a citizen to use and pass over and along the public highway, and, if he was doing this carefully, and without negligence, can it rightfully be said that, if he is then run down and killed by the negligent and reckless use of its tracks by the company, that it is to be absolved from liability therefor, because the boy was on the wagon of the driver without the knowledge or consent of the latter? We think not. The boy, in so far as the Street Railway company was concerned, was there lawfully, and we think that the trial judge was not justified in refusing to give a charge to the jury, which was a correct statement of the law, for the reason that the use therein of this word, " lawfully," made it inapplicable to the case before the jury.

We see no objection to special charges Nos. 1 and 2 given by the court to the jury at the request of the defendant company. We have some doubt as to whether the second paragraph of charge No. 3, asked for, and given by the court, which states that "so long as the motorman, or agents in charge of the car, observed, and acted with that degree of prudence and care which is usually exercised by persons so occupying and using the streets at intersections with other streets, the defendant can not be held liable," should not have been modified so as to express the idea that the care exercised must be that generally exercised by persons of ordinary prudence. It cannot be, we think, that if by consent or agreement between all of the motormen of this and other cities, or otherwise, a rate of speed is maintained, at street crossings, evidently dangerous and unsafe, that, in case of an accident resulting therefrom, it would be a good defense to an action for damages therefor, to show that it was the practice of motormen using the streets to so do. We incline to the opinion that the second paragraph of this charge should have had the same statement, that the care necessary to be exercised is that of persons of ordinary prudence in like circumstances, which appears in the first paragraph.

The fourth special charge given by the court, at the request of the defendant company, and excepted to by the defendant, is as follows:

"If you find that Joseph Wright was fourteen years old and upwards at the time of the accident, and was entrusted with the performance of work so that he was earning ordinary wages of such a boy, and was accustomed to going without guidance or assistance of his parents to and from his place of business or employment, you may then find that he was chargeable with the responsibility of such age and discretion, and to the observance and performance of ordinary acts of care; that is to say, he was bound to know the danger, if there were danger, in riding upon the dray in the way described by the evidence, and especially the danger, if there were danger, that would be encountered in case of collision between the dray and any other vehicle or car when riding in such a position; and if you find that Joseph Wright, at the time of the accident, was sitting or riding upon the dray in question, in a hazardous or dangerous position, then I charge you that it will be your duty to consider and determine whether he was guilty of

contributory negligence; and if you find he was, then the plaintiff cannot recover."

As to this charge we may say, that, in our judgment, the court was not warranted in saying to the jury, as it did in the first paragraph of it, that if they found the facts stated therein to be true, that they might then find that he was chargeable with the responsibility of such age and discretion, "and to the observance and performance of ordinary acts of care—that is, that he was bound to know the danger, if there were danger, in riding upon the dray in the way described in the evidence," etc. It seems to us that the facts stated in the charges will hardly justify the conclusion drawn from them. The responsibility of the boy was a question of fact to be found by the jury, and it seems to us that the charge of the court should have been to the effect, that, if the boy had the intellect, knowledge and discretion ordinarily possessed by boys of that age, that he should be held to the exercise of that degree of care which children of the same age, of ordinary care and prudence, are accustomed to exercise under similar circumstances. This is the express statement of the law in the case of *Rolling Mill* v. *Corrigan*, 46 O. S., 283.

For the reasons stated, we are of the opinion that there were errors in the rulings of the court in the points named prejudicial to the rights of the plaintiff, and the judgment will therefore be reversed, and the cause remanded to the superior court for a new trial.

*John W. Wolfe* and *Thos. L. Michie* for Plaintiff.

*Paxton, Warrington & Boutet, contra.*